UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:12CV1377 CDP |
| DIESTELKAMP CONSTRUCTION COMPANY, INC., et al., | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On April 9, 2014, the court granted the motion of counsel for defendant Diestelkamp Construction Company, Inc., to withdraw. Because a corporation cannot represent itself in a civil action, *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996), the court instructed Diestelkamp Construction that the failure to retain counsel would result in sanctions, including the entry of default and default judgment. Despite the court's order, defendant remains unrepresented. Plaintiff has now filed a motion for default supported by an affidavit and documentation of damages, and the time for opposition has passed without response.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal.*

*Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Defendant has not obtained new counsel and therefore is barred from defending itself in this case. Under this circumstance, the court deems it appropriate to exercise its inherent authority to strike defendant's answer. Se*e Pert 35, Inc. v. Amari Aviation Ltd.*, 3:09-CV-0448 TJM/DEP, 2010 WL 1257949 (N.D.N.Y. Mar. 5, 2010) report and recommendation adopted, 09-CV-0448 TJM/DEP, 2010 WL 1257950 (N.D.N.Y. Mar. 25, 2010) (court may preclude participation by unrepresented corporation); *Liberty Mut. Ins. Co. v. Hurricane Logistics Co.*, 216 F.R.D. 14, 15 n.3 (D.D.C. 2003) (if corporate defendant does not retain counsel, court may strike answer). When the answer is stricken, default may be entered. *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975) (where corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55).

Whether treated as a motion to strike pleadings and for entry of default or as a motion for summary judgment, the plaintiffs have shown that they are entitled to relief. Based on the pleadings and evidence produced by plaintiff, it has established its right to obtain a default judgment in the amount of $1,634,902.89.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment as to party defendant Diestelkamp Construction Company, Inc., [# 72] is **granted**.

Diestelkamp Construction Company's answer will be stricken and a default judgment in the amount of $1,634,902.89 will be entered upon entry of Clerk's default.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue an entry of Clerk's Default against Diestelkamp Construction Company.

**IT IS FINALLY ORDERED** that plaintiff's motion to withdraw its own motion for preliminary junction [# 75] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of June, 2014.